# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 8:24-cv-02531 JWH KES | Date December 30, 2024 |
| Title *Ted Luckow v. Bloomingdale's, Inc., et al.* | |

**Present: The Honorable** JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION AND COMPLIANCE WITH RULE 7.1(a)(2)**

In May 2024, Plaintiff Ted Luckow filed a Complaint against Defendants Bloomingdale's Inc.; Bloomingdale's Real Estate, LLC; and Macy's Maryland, Inc. in Orange County Superior Court.[1] Defendant Macy's Retail Holdings LLC—which asserts that it was erroneously sued as the other defendants—removed the action to this Court in November 2024.[2] Macy's Retail Holdings avers that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b), on the basis of diversity of citizenship between the parties.[3]

District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]" 28 U.S.C. § 1332. "[T]he party

---

[1] Notice of Removal (the "Notice") [ECF No. 1], Ex. A (Complaint).
[2] *See* Notice.
[3] *Id.* at ¶ 1.

asserting diversity bears the burden of proof." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).

The issue here is the citizenship of Macy's Retail Holdings, which is a limited liability company. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Court cannot determine whether the parties are diverse until it knows the citizenship of every owner/member of Macy's Retail Holdings. Moreover, the parties have not complied with their obligations under the Federal Rules of Civil Procedure, which require them to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Macy's Retail Holdings is **DIRECTED** to file no later than January 17, 2025, a written response to this Order to Show Cause that provides the names and state(s) of citizenship of each owner/member of Macy's Retail Holdings.

2. Each party is **DIRECTED** to file no later than January 17, 2025, a Disclosure Statement pursuant to Rule 7.1(a)(2) of the Federal Rules of Civil Procedure.

3. The failure of any party to comply with this Order to Show Cause will result in the imposition of monetary sanctions against the non-compliant party and its counsel of record.

4. A hearing on this Order to Show Cause is **SET** for January 31, 2025, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

5. The Scheduling Conference is **CONTINUED** to January 31, 2025, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**